

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 30 2007

FILED
CLERK'S OFFICE

### BEFORE THE JUDICIAL PANEL ON
### MULTIDISTRICT LITIGATION

In re:

MENU FOODS, INC. PRODUCTS
LIABILITY LITIGATION

MDL Docket No. _____

_____ /

## FLORIDA PLAINTIFF CHRISTINA TROIANO'S MOTION TO TRANSFER AND
## COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

*Counsel for Florida Plaintiff Christina Troiano*

**OFFICIAL FILE COPY**



2007 MAR 29 A 10: 30
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

IMAGED APR 2 2007



EXHIBIT 1

Dockets.Justia.com

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure on Multidistrict Litigation, plaintiff in the action styled *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, Case No. 07-60428-CIV-COHN, United States District Court for the Southern District of Florida ("Troiano" or "Movant"), files this Motion and respectfully moves for an Order transferring all related pending actions against Menu Foods, Inc. and its related partners, affiliates and subsidiaries (the "Defendants"), including the actions listed on Schedule of Actions, to the Southern District of Florida.

As set forth below and in the accompanying Memorandum, Troiano believes the actions listed on the accompanying Schedule of Actions, and any future tag-along actions, satisfy the requirements for consolidation and coordination because they concern common questions of fact and law and consolidation or coordination will serve the interests of efficiency and convenience.

In support of this motion, Movants state as follows:

1.    Movant is the plaintiff in the following case: *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, Case No. 07-60428-CIV-COHN which is currently pending in the United States District Court for the Southern District of Florida.

2.    Movant is currently aware of six other pending class action cases containing similar factual allegations and seeking similar relief against the Defendants. The cases are listed on the attached Schedule.

3.    Accompanying Movant's Motion is a Rule 7.2(a)(ii) Schedule of Actions listing all related actions of which Movant is aware. True and correct copies of the complaints in Movant's action and the complaints in each of the related actions are attached to the accompanying Schedule of Actions, filed herewith

4.      As described in greater detail in the accompanying Memorandum, the factual allegations in each of the actions contain similar allegations regarding Defendants and their defective and ultimately deadly pet food. Each action contends that from December 3, 2006 up to and including March 6, 2007, and possibly at other times, Defendants entered into the stream of commerce pet food that was defective and, for thousands of household pets, deadly – Defendants' pet food and pet food products (the "Products") were contaminated with rat poison or a related agent that contributed to the illness and/or death of thousands of dogs and cats. As a result of the defective Products, each action contends that the Plaintiffs and members of the putative Class suffered damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or own pet food and pet food products that they would not otherwise have bought had they known such products were defective.

5.      Each action further contends that Defendants should have known or know and have admitted that certain of the Products produced by the Defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death to pets, and on March 16, 2007, initiated a recall of some of the Products.

6.      A centralization of all actions in the Southern District of Florida will be for the convenience of parties and witnesses under 28 U.S.C. §1407 and will save Defendants the burden of having to defend virtually identical actions in multiple states. Witnesses will also be spared the possibility of being required to testify in several locales.

7.      Because each of these related cases arises from a virtually identical set of operative facts relating to Defendants' conduct, discovery conducted in each of the actions proposed for consolidation will be substantially similar, and will involve the same or similar documents and witnesses.

3

8.    Absent transfer of all of these cases to a single forum for coordinated and consolidated proceedings, there is a substantial risk of inconsistent and conflicting pretrial rulings on discovery and other key issues, such as class certification. Coordination and consolidation will promote the just and efficient conduct of the actions, because it will allow one court to address Defendants' ongoing conduct.

9.    Centralization in the Southern District of Florida will also promote the just and efficient conduct of this litigation under 28 U.S.C. § 1407 as more fully set forth in the attached Memorandum.

10.    These actions have all been filed on or after March 19, 2007, and are still in their nascent stages. Movant is not aware of any discovery conducted to date, and know of no initial disclosures that have been made in any of these cases. A transfer of these related cases will result in only one judge supervising discovery and resolving any subsequent motions, including motions for class certification.

11.    Since all actions are in the beginning stage of the litigation, no prejudice or inconvenience would result from transfer, coordination and/or consolidation.

12.    A comparison of the relative MDL case loads of potential transferee districts demonstrates that the Southern District of Florida is a suitable forum. According to the Distribution of Pending MDL Dockets as of March 26, 2007, there is only one pending MDL proceeding in the Southern District of Florida, and numerous judges who have the experience to handle MDL's (*See* Distribution of Pending MDL Dockets as of March 26, 2007, Ex. A.).

13.    For these reasons, and as set forth more fully in the accompanying memorandum, Movant respectfully requests that the Panel enter an Order consolidating and coordinating the actions

identified on the accompanying Schedule together with any related actions subsequently filed or

presently unknown to Movant for proceedings in the Southern District of Florida.

Respectfully submitted,

DATED: March 2 8 , 2007

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
PAUL J. GELLER
Florida Bar No. 984795
*pgeller@lerachlaw.com*
STUART A. DAVIDSON
Florida Bar No. 84824
*sdavidson@lerachlaw.com*
JAMES L. DAVIDSON
Florida Bar No. 723371
*jdavidson@lerachlaw.com*

For

STUART A. DAVIDSON

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: 561/750-3000
561/750-3364 (fax)

KOPELMAN & BLANKMAN
LAWRENCE KOPELMAN
Florida Bar No. 288845
*lmk@kopelblank.com*
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL 33301
Telephone: 954/462-6855
954/462-6899 (fax)

**Attorneys for Florida Plaintiff Christina
Troiano**

G:\jdavidson\Menu Foods\Pleadings\Motion for MDL (final).doc

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In re:

MENU FOODS, INC. PRODUCTS                MDL Docket No. _____
LIABILITY LITIGATION
_____/

## FLORIDA PLAINTIFF CHRISTINA TROIANO'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO TRANSFER AND COORDINATE OR
## CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

*Counsel for Florida Plaintiff Christina Troiano*

RECEIVED
CLERK'S OFFICE
2007 MAR 29  A 10: 3
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure on Multidistrict Litigation, Plaintiff in the action styled *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, CASE NO. 07-60428-CIV-COHN, United States District Court for the Southern District of Florida. Plaintiff Christina Troiano ("Troiano" or "Movant"), respectfully submits this Memorandum in Support of Florida Plaintiff Christina Troiano's Motion for Transfer and Coordination or Consolidation. For the reasons set forth below, Movant's lawsuit and the related lawsuits identified in the accompanying Schedule of Actions should be transferred to and consolidated in the Southern District of Florida.

## I.    INTRODUCTION

Troiano brings her class action to remedy the harm caused by the defective and deadly pet food manufactured and placed into the stream of commerce by Menu Foods, Inc. and its affiliates, partners and subsidiaries (collectively, the "Menu Foods Defendants" or "Defendants"). Defendants are the leading North American private label/contract manufacturer of wet pet food products (the "Products") sold by supermarket retailers, mass merchandisers, pet specialty retailers, and other wholesale and retail outlets, including Wal-Mart, Safeway, Kroger, PetSmart, Inc., Giant Food, and other large retail chains, and has provided pet food products to or for Proctor & Gamble, Inc. Defendants produce hundreds of millions of containers of pet food annually.

Defendants design, manufacture, market, advertise and warrant their pet food Products. In conjunction with each sale, Defendants market, advertise and warrant that the Products are fit for the ordinary purpose for which such goods are used – consumption by pets – and are free from defects. Defendants produce the pet food Products intending that consumers will purchase the pet food products, regardless of brand or label name, place of purchase, or the location where pets actually consume them. The pet food Products are placed in the stream of commerce and distributed and

2

offered for sale and sold to Troiano and purchasers in Florida and the United States and fed to their pets.

From December 3, 2006 up to and including March 6, 2007, and possibly at other times, Defendants entered into the stream of commerce pet food Products that were deadly and defective – Defendants' pet food and pet food Products were potentially contaminated with rat poison or some other agent that contributed to the illness and/or death of thousands of dogs and cats. As a result of the defective Products, Troiano and members of the putative Class have suffered damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or own pet food and pet food products that they would not otherwise have bought had they known such products were defective.

Defendants know and have admitted that certain of the Products produced by the Defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death to pets, and on March 16, 2007, initiated a nationwide recall of some of the Products. Further, the Food and Drug Administration has reported that as many as one in six animals died in tests of the Products by Defendants last month after the Defendants received complaints the Products were poisoning pets around the country. A spokeswoman for the New York State Department of Agriculture and Markets has said that rodent poison was determined to have been mixed into the Products.

## II.   HISTORY OF THE PENDING LAWSUITS

The related actions, identified in the accompanying Schedule of Actions present common questions of law and fact, common defendants, and are brought on behalf of overlapping classes (*i.e.*, all persons and entities who suffered damages due to Defendants' defective pet food and pet food Products). Transfer and consolidation of all existing actions, and all subsequently filed related cases, to the Southern District of Florida will best serve the convenience of the parties and witnesses

and promote the just and efficient conduct of the litigation. Each related action is briefly discussed below.

On or about March 19, 2007, Tom Whaley, individually and on behalf of others similarly situated, filed the class action styled *Whaley v. Menu Foods, Inc., et. al.,* Case No. 2:07-cv-00411, in the United States District Court for the Western District of Washington (the "*Whaley* Action"). This complaint seeks damages and equitable relief for breach of contract, unjust enrichment, deceptive and unfair business practices, breach of warranties and negligent misrepresentation on behalf of a class of all persons who purchased any dog or cat food which was produced by the Defendants and/or has had a dog or cat become ill as a result of eating the food.

Also on March 19, 2007, Lizajean Holt, individually and on behalf of others similarly situated, filed the class action styled *Holt v. Menu Foods, Inc.,* Case No. 3:07-cv-00094, in the United States District Court for the Eastern District of Tennessee (the "*Holt* Action"). This complaint likewise seeks damages and equitable relief for deceptive and unfair business practices, breach of warranties and negligence on behalf of a class of all persons in the United States who purchased or fed his, her, or their cat(s) or dog(s) pet food produced or manufactured by Defendants that was or will be recalled by the Defendants, including that produced fro December 3, 2006 up to and including March 6, 2007.

On or about March 20, 2007, Dawn Majerczyk, individually and on behalf of others similarly situated, filed the class action styled *Majerczyk v. Menu Foods, Inc.,* Case No. 1:07-cv-01543, in the United States District Court for the Northern District of Illinois (the "*Majerczyk* Action"). This complaint seeks damages and injunctive relief for breach of warranties and negligence on behalf of a class of herself and all others who purchased pet food in the United States that was ultimately subject to the March 16, 2007 Menu Foods recall.

4

On or about March 21, 2007, Charley Ray Sims and Pamela Sims, on behalf of themselves and all others similarly situated, filed the class action styled *Sims, et. al. v. Menu Foods Income Fund, et. al.,* Case No. 5:07-cv-05053, in the District Court for the Western District of Arkansas (the "*Sims* Action"). This complaint seeks damages for strict liability, fraud, breach of express and implied warranties and negligence on behalf of a class of (1) all persons or entities who purchased Menu Food brands at any time and disposed of or will not use the products based on publicity surrounding the safety and recall of the products; (2) all persons or entities who purchased Menu Foods products and fed products to their pets on or since December 6, 2006; and (3) all persons or entities who purchased Menu Food products from wholesale distributors on or since December 6, 2006.

On or about March 23, 2007, Jared Workman, and Mark and Mona Cohen, on behalf of themselves and all others similarly situated, filed the class action styled *Workman, et. al. v. Menu Foods Limited, et. al.,* Case No. 1:07-cv-01338, in the District Court for the District of New Jersey (the "*Workman* Action"). This complaint seeks damages for breach of express and implied warranties and negligence on behalf of a class of all persons in the United States who purchased any of the pet food brands manufactured by Defendants during the period commencing December 3, 2006, and ending March 6, 2007.

Also on March 23, 2007, Richard and Barbara Widen, and Mark and Mona Cohen, on behalf of themselves and all others similarly situated, filed the class action styled *Widen, et. al. v. Menu Foods, et. al.,* Case No. 5:07-cv-05055, in the District Court for the Western District of Arkansas (the "*Widen* Action"). This complaint seeks damages for strict liability and negligence on behalf of a class of all persons in the United States who purchased contaminated pet food from Wal-Mart that was produced by Menu Foods.

On March 26, 2007, Troiano, individually, and on behalf of all others similarly situated, filed her Complaint against Defendants alleging claims for negligence, breach of warranties, strict liability, and unjust enrichment.

## III.    ARGUMENT

In view of the facts outlined above, and the jurisprudence regarding multidistrict litigation set forth below, these cases should be centralized in the United States District Court for the Southern District of Florida. Transfer and consolidation is essential to permit the efficient and non-duplicative handling of these cases and the Southern District of Florida is the most appropriate venue for this multidistrict litigation.

### A.    The Similarity of These Class Actions Warrants Coordination and Consolidation

28 U.S.C. § 1407(a) authorizes the transfer of multiple civil actions pending in various federal districts to a single federal district court when the actions involve "one or more common questions of fact . . . ." Moreover, transfer is necessary "in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with respect to whether the actions should proceed as [class actions] . . . ." *In re Starmed Health Personnel, Inc. Fair Labor Standards Act Litig.*, 317 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004); *see also In re Comp. of Managerial Prof'l and Tech. Employees Antitrust Litig.*, 206 F. Supp. 2d 1374, 1375 (J.P.M.L. 2002) (noting that centralization is "necessary in order to... prevent inconsistent pretrial rulings (especially with regard to class certification issues")).

The requirements for transfer under section 1407 are easily satisfied here. As discussed above, each of these pending cases (i) purport to represent a large class of individuals and/or entities who were damaged by defective and deadly pet food marketed, manufactured and/or distributed by the Defendants, (ii) assert the same or similar claims against the Defendants, and (iii) seek to recover

6

losses based upon those damages caused by the Defendants. To separately litigate each pending case (and subsequently filed related cases) would waste resources and present the danger of inconsistent pretrial rulings. Consolidation of these cases is particularly critical because these related actions seek class action status on behalf of the same class or overlapping classes and, as a result, there is a significant potential for conflicting or inconsistent rulings on class certification issues. Accordingly, centralization and consolidation pursuant to 28 U.S.C. § 1407 is warranted.

The consolidation and transfer of these cases would further promote the efficient adjudication of these actions. As the class actions alleged in these related cases are similar if not identical, the discovery needed in each of these pending cases will unquestionably be duplicative. To have the parties engaged in duplicative discovery in multiple complex class actions would be singularly inefficient and an unnecessary burden on the judicial system and the parties. These factors again all weigh heavily in favor of consolidating and coordinating these cases.

**B.    The Southern District of Florida Is the Proper Forum for These Coordinated Proceedings**

Numerous factors may be considered by the Panel in determining the most appropriate transferee forum, including "convenience of the parties and witnesses." *See In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 86 (J.P.M.L. 1993). Here, the balance of relevant factors weighs strongly in favor of transferring these actions to the Southern District of Florida due to its convenient location, large concentration of putative class members, experience in handling MDL proceedings, and lack of pending MDL cases.

**1.    The Southern District of Florida Is as Appropriate as Any Other Forum for the Parties and Witnesses**

The convenience of the parties and witnesses is a critical factor in determining to which district related actions should be transferred. *See* 28 U.S.C. § 1407(a) (related actions may be transferred to a district for coordinated proceedings upon a determination that the transfer "will be

7

for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions"). In deciding whether a particular forum is convenient, the Panel examines factors such as: where the first filed and most advanced cases are pending; the location of the parties, documents and potential witnesses relative to that district; and the location where the majority of actions have been brought. *See In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739, 740 (J.P.M.L. 1984).

The Defendants in the multiple class actions are a Canadian business entity and its United States subsidiaries and/or affiliates, as well as certain other Defendant-distributors of the defective products. Each of these entities is headquartered and/or incorporated in different jurisdictions, including Canada, New Jersey, and Delaware. Of the seven lawsuits currently pending, one is pending in the Western District of Washington, one is pending in the Eastern District of Tennessee, one is pending in the Northern District of Illinois, two are pending in the Western District of Arkansas, on is pending in the District Court for the District of New Jersey, and one is pending in the Southern District of Florida. Further, upon information and belief, Defendants conduct business, and potentially have caused damages to purported class members, in all fifty states. Thus, there is no central forum that would be more convenient over any others in terms of the locations of parties, documents, and potential witnesses.

### 2. The Accessibility of the Southern District of Florida Warrants Transfer

While there will be a large number of class members residing in Florida, Troiano anticipates that parties to this litigation will come from all across the country and not one centralized region. Those parties residing outside of Florida will find the courthouses in the Southern District of Florida convenient and accessible by all forms of transportation. The multiple federal courthouses in the Southern District of Florida – in, among other place, Miami, Fort Lauderdale and West Palm Beach – are all in very close proximity to airports that have direct flights on many airlines to

8

numerous cities across the United States. Traveling from the airport to the courthouse is also simple due to the varieties of ground transportation available. *See In re Comp. of Managerial, Prof'l and Tech. Employees Antitrust Litig.*, 206 F. Supp. 2d at 1375 (transferring cases to the District of New Jersey and noting that the District of New Jersey is an "accessible" metropolitan location that is geographically convenient for litigants and counsel). On balance, the accessibility factor favors transfer of the related actions in the Southern District of Florida.

      **3.**      **The Southern District of Florida Has the Capacity and Expertise to Handle these Related Cases**

A comparison of the relative MDL case loads of potential transferee districts demonstrates that the Southern District of Florida is a highly suitable forum. The judges of the Southern District of Florida have vast experience in Multidistrict litigation, having brought to termination a total of 24 cases through September 30, 2006.[1] Yet, as of March 26, 2007, the Southern District of Florida only had only one pending MDL proceeding, which is nearly in an inactive stage. Thus, while the Southern District of Florida is well versed in the nuances of Multidistrict litigation, the Southern District would not be overburdened with similar cases if these actions were transferred there.

      **C.**      **No Party Is Prejudiced by the Transfer and Consolidation of These Lawsuits**

Each of the related lawsuits is in its infancy. To Movant's knowledge, no party has served discovery, filed disclosures or engaged in substantive motion practice regarding these lawsuits. Because these related cases are all in their early stages, no party will be prejudiced by the transfer to the Southern District of Florida. Furthermore, since no discovery has occurred, an Order transferring

---

[1]     Multidistrict Litigation Terminated Through September 30, 2006, available at *http://www. jpml.uscourts.gov/Statistics/TerminatedDocketsThroughSeptember2006.pdf*, viewed on March 26, 2007.

9

these cases to the Southern District of Florida can truly eliminate the expenses associated with the duplicative discovery that would otherwise occur in District Courts across the country.

## IV.    CONCLUSION

For the reasons discussed above, the Plaintiff respectfully request that the related actions identified on the accompanying Schedule of Actions, and any tag-along actions, be transferred to and consolidated in the Southern District of Florida. Accordingly, the Plaintiff respectfully request that this Panel enter an Order transferring the related actions, and any future related actions, to the Southern District of Florida.

Respectfully submitted,

DATED: March 2 8 , 2007

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PAUL J. GELLER
Florida Bar No. 984795
*pgeller@lerachlaw.com*
STUART A. DAVIDSON
Florida Bar No. 84824
*sdavidson@lerachlaw.com*
JAMES L. DAVIDSON
Florida Bar No. 723371
*jdavidson@lerachlaw.com*

For

STUART A. DAVIDSON

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: 561/750-3000
561/750-3364 (fax)

10

KOPELMAN & BLANKMAN
LAWRENCE KOPELMAN
Florida Bar No. 288845
*lmk@kopelblank.com*
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL  33301
Telephone: 954/462-6855
954/462-6899 (fax)

**Attorneys for Florida Plaintiff Christina
Troiano**

G:\jdavidson\Menu Foods\Pleadings\MEM Support MDL Motion (final).doc

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

In re:

MENU FOODS, INC. PRODUCTS
LIABILITY LITIGATION

_____/

MDL Docket No. _____

## SCHEDULE OF ACTIONS IN SUPPORT OF FLORIDA PLAINTIFF CHRISTINA TROIANO'S MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

*Counsel for Florida Plaintiff Christina Troiano*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2007 MAR 29  A 10: 30

RECEIVED
CLERK'S OFFICE

## SCHEDULE OF ACTIONS

| Case Caption | Date Filed | Court | Civil Action No. | Judge |
|---|---|---|---|---|
| **Plaintiffs:** Tom Whaley **Defendants:** Menu Foods, The Iams Company, Dog Food Producers Number 1-50, Cat Food Producers 1-40 | March 19, 2007 | W.D. Washington | 2:07-cv-00411 | Ricardo S. Martinez |
| **Plaintiffs:** Lizajean Holt **Defendants:** Menu Foods, Inc. | March 19, 2007 | E.D. Tennessee | 3:07-cv-00094 | Thomas W. Phillips |
| **Plaintiffs:** Dawn Majerczyk **Defendants:** Menu Foods, Inc. | March 20, 2007 | N.D. Illinois | 1:07-cv-01543 | Wayne R. Anderson |
| **Plaintiffs:** Charles Ray Sims, Pamela Sims **Defendants:** Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods, Inc., Menu Foods Holdings, Inc. | March 21, 2007 | W.D. Arkansas | 5:07-cv-05053 | Jimm Larry Hendren |
| **Plaintiffs:** Richard Scott Widen, Barbara Widen **Defendants:** Menu Foods, Menu Foods Income Fund, Menu Foods General Partnership Limited, Menu Foods Limited | March 23, 2007 | W.D. Arkansas | 5:07-cv-05055 | Robert T. Dawson |

| | | | | |
|---|---|---|---|---|
| Partnership, Menu Foods Operating Partnership, Menu Foods Midwest | | | | |
| **Plaintiffs:** Jared Workman, Mark Cohen, Mona Cohen **Defendants:** Menu Foods Limited, Menu Foods Inc., Menu Foods Midwest Corporation | March 23, 2007 | D. New Jersey | 2:07-cv-00411  1332 | Noel L. Hillman |
| **Plaintiffs:** Christina Troiano **Defendants:** Menu Foods Limited, Menu Foods Inc., Menu Foods Midwest Corporation | March 26, 2007 | S.D. Florida | 0:07-cv-60428 | James I. Cohn |

3

DATED: March 28 , 2007

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
PAUL J. GELLER
Florida Bar No. 984795
*pgeller@lerachlaw.com*
STUART A. DAVIDSON
Florida Bar No. 84824
*sdavidson@lerachlaw.com*
JAMES L. DAVIDSON
Florida Bar No. 723371
*jdavidson@lerachlaw.com*

For

_____
      STUART A. DAVIDSON

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: 561/750-3000
561/750-3364 (fax)

KOPELMAN & BLANKMAN
LAWRENCE KOPELMAN
Florida Bar No. 288845
*lmk@kopelblank.com*
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL 33301
Telephone: 954/462-6855
954/462-6899 (fax)

**Attorneys for Florida Plaintiff Christina
Troiano**

G:\jdavidson\Menu Foods\Pleadings\MDL Motion for Transfer Schedule.doc

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

In re:

MENU FOODS PET FOOD LITIGATION                MDL Docket No. _____
_____ /

## CERTIFICATE OF SERVICE

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER**
**RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
Telephone: (561) 750-3000
Facsimile:  (561) 750-3364

*Counsel for Florida Plaintiff Christina Troiano*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2007 MAR 29  A 10: 30

RECEIVED
CLERK'S OFFICE

I, James L. Davidson, hereby declare as follows:

I am employed by Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 120 E. Palmetto Park Road, Suite 500, Boca Raton, Florida 33432. I am over the age of eighteen years and not a party to this action. On March 28, 2007, I served the following documents:

1. **FLORIDA PLAINTIFF CHRISTINA TROIANO'S MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407;**

2. **FLORIDA PLAINTIFF CHRISTINA TROIANO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407;**

3. **SCHEDULE OF ACTIONS IN SUPPORT OF FLORIDA PLAINTIFF CHRISTINA TROIANO'S MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407; and**

4. **CERTIFICATE OF SERVICE.**

on:

### SEE ATTACHED SERVICE LIST "A"

__X__ by placing the document(s) listed above for collection and mailing following the firm's ordinary business practices in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Boca Raton, Florida addressed as set forth on the attached service list.

I further certify and declare that I caused the above documents to be delivered by the same means to the clerks of the following courts affected by the Motion for Transfer and Consolidation:

### SEE ATTACHED SERVICE LIST "B"

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct, executed this __28__ day of March, 2007, at Boca Raton, Florida.

James L. Davidson

2

## IN RE MENU FOODS PET FOOD LITIGATION

### SERVICE LIST "A"

| | |
|---|---|
| Paul J. Geller<br>Stuart A. Davidson<br>James L. Davidson<br>**LERACH COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS LLP**<br>120 E. Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432-4809<br>Telephone: (561) 750-3000<br>Facsimile: (561) 750-3364<br>*Attorneys for Florida Plaintiff Christina Troiano*<br><br>Lawrence Kopelman<br>**KOPELMAN & BLANKMAN**<br>350 E. Las Olas Blvd., Suite 980<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 462-6855<br>Facsimile: (954) 462-6899<br>*Attorneys for Florida Plaintiff Christina Troiano* | Menu Foods, Inc.<br>9130 Griffith Morgan Lane<br>Pennsauken, NJ 08110<br>*Defendant*<br><br>Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant* |

WHALEY v. MENU FOODS, ET AL.
Case No.: 2:07-cv-00411-RSM
USDC, Western District of Washington

| | |
|---|---|
| Michael David Myers<br>**MYERS & COMPANY, P.L.L.C.**<br>1809 Seventh Avenue, Suite 700<br>Seattle, WA 98101<br>Telephone: (206) 398-1188<br>Facsimile: (206) 400-1112<br>*Attorneys for Plaintiff Tom Whaley* | Menu Foods<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>The Iams Company<br>c/o Registered Agent - Joseph A. Stegbauer<br>Attn: Corporate Secretary<br>One Procter & Gamble Plaza C-2<br>Cincinnati, OH 45202<br>*Defendant* |

HOLT v. MENU FOODS, INC.
Case No.: 3:07-cv-00094
USDC, Eastern District of Tennessee

| | |
|---|---|
| A. James Andrews<br>905 Locust Street<br>Knoxville, TN 37902<br>Telephone: (865) 660-3993<br>Facsimile: (865) 523-4623<br>*Attorneys for Plaintiff Lizajean Holt* | Menu Foods, Inc.<br>9130 Griffith Morgan Lane<br>Pennsauken, NJ 08110<br>*Defendant* |

3

| | |
|---|---|
| Nicole Bass<br>905 Locust Street<br>Knoxville, TN 37902<br>Telephone: (865) 310-6804<br>*Attorneys for Plaintiff Lizajean Holt*<br><br>Perry A. Craft<br>**CRAFT & SHEPPARD, PLC**<br>214 Centerview Drive, Suite 233<br>Brentwood, TN 37027<br>Telephone: (615) 309-1707<br>Facsimile: (615) 309-1717<br>*Attorneys for Plaintiff Lizajean Holt* | |

MAJERCZYK v. MENU FOODS, INC.
Case No.: 1:07-cv-01543
USDC, Northern District of Illinois

| | |
|---|---|
| John Blim<br>Jay Edelson<br>Myles McGuire (Of Counsel)<br>**BLIM & EDELSON, LLC**<br>53 West Jackson Blvd., Suite 1642<br>Chicago, IL 60604<br>Telephone: (312) 913-9400<br>Facsimile: (312) 913-9401<br>*Attorneys for Plaintiff Dawn Majerczyk* | Menu Foods, Inc.<br>9130 Griffith Morgan Lane<br>Pennsauken, NJ 08110<br>*Defendant* |

SIMS v. MENU FOODS INCOME FUND, ET AL.
Case No.: 5:07-cv-05053-JLH
USDC, Western District of Arkansas

| | |
|---|---|
| Jason M. Hatfield<br>**LUNDY & DAVIS, L.L.P.**<br>300 N. College Avenue, Suite 309<br>Fayetteville, AR 72701<br>Telephone: (479) 527-3921<br>Facsimile: (479) 587-9196<br>*Attorneys for Plaintiffs Charles Ray Sims and Pamela Sims* | Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods Midwest Corporation<br>c/o Registered Agent - The Corporation Trust Co.<br>1209 Orange Street<br>Wilmington, DE 19801-1120<br>*Defendant*<br><br>Menu Foods South Dakota, Inc.<br>c/o Registered Agent<br>The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801-1120<br>*Defendant* |

4

| | Menu Foods Holdings, Inc.<br>c/o Registered Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE  19801-1120<br>*Defendant*<br><br>Menu Foods, Inc.<br>c/o Registered Agent<br>Corporation Trust Company<br>820 Bear Tavern Road<br>West Trenton, NJ  08628<br>*Defendant* |
|---|---|

WIDEN v. MENU FOODS, ET AL.
Case No.: 5:07-cv-05055-RTD
USDC, Western District of Arkansas

| | |
|---|---|
| Jeremy Y. Hutchinson<br>Jack Thomas Patterson II<br>**PATTON, ROBERTS, MCWILLIAMS<br>  & CAPSHAW, L.L.P.**<br>Stephens Building<br>111 Center Street, Suite 1315<br>Little Rock, AR  72201<br>Telephone:  (501) 372-3480<br>Facsimile:  (501) 372-3488<br>*Attorneys for Plaintiffs Richard Scott Widen<br>and Barbara Widen*<br><br>Richard Adams<br>James C. Wyly<br>Sean F. Rommel<br>**PATTON, ROBERTS, MCWILLIAMS<br>  & CAPSHAW, L.L.P.**<br>Century Bank Plaza, Suite 400<br>P.O. Box 6128<br>Texarkana, TX  75505-6128<br>Telephone: (903) 334-7000<br>Facsimile: (903) 334-7007<br>*Attorneys for Plaintiffs Richard Scott Widen<br>and Barbara Widen* | Menu Foods<br>9130 Griffith Morgan Lane<br>Pennsauken, NJ  08110<br>*Defendant*<br><br>Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods Gen Par Limited<br>c/o Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods Limited Partnership<br>c/o Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods Operating Partnership<br>c/o Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant* |

|  | Menu Foods Midwest Corporation<br>c/o Registered Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801-1120<br>*Defendant*<br><br>Menu Foods South Dakota<br>c/o Registered Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801-1120<br>*Defendant*<br><br>Menu Foods, Inc.<br>c/o Registered Agent<br>Corporation Trust Company<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>*Defendant*<br><br>Menu Foods Holdings, Inc.<br>c/o Registered Agent<br>The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801-1120<br>*Defendant*<br><br>Wal-Mart Stores, Inc.<br>c/o Registered Agent<br>The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801-1120<br>*Defendant* |
|--|--|

WORKMAN, ET AL. v. MENU FOODS LIMITED, ET AL.
Case No.: 1:07-cv-01338-NLH-AMD
USDC, District of New Jersey

| Donna Siegel Moffa<br>Lisa J. Rodriguez<br>**TRUJILLO RODRIGUEZ & RICHARDS, LLC**<br>8 Kings Highway West<br>Haddonfield, NJ 08033<br>Telephone: (856) 795-9002<br>Facsimile: (856) 795-9887<br>*Attorneys for Plaintiffs Jared Workman, and*<br>*Mark and Mona Cohen* | Menu Foods Limited<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods, Inc.<br>9310 Griffith Morgan Lane<br>Pennsauken, NJ 08110<br>*Defendant* |
|--|--|

| | |
|---|---|
| Robert A. Rovner<br>Jeffrey I. Zimmerman<br>**ROVNER, ALLEN, ROVNER, ZIMMERMAN**<br>  **& NASH**<br>175 Bustleton Pike<br>Feasterville, PA  19053-6456<br>Telephone: (215) 698-1800<br>*Attorneys for Plaintiffs Jared Workman, and*<br>*Mark and Mona Cohen*<br><br>Sherrie R. Savett<br>Michael T. Fantini<br>Russell D. Paul<br>**BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, PA  19103<br>Telephone: (215) 875-3000<br>*Attorneys for Plaintiffs Jared Workman, and*<br>*Mark and Mona Cohen* | Menu Foods Midwest Corporation<br>P.O. Box 1046<br>1400 East Logan Avenue<br>Emporia, KS  66801<br>*Defendant* |

7

## IN RE MENU FOODS PET FOOD LITIGATION

### SERVICE LIST "B"

| CASE | CLERK |
|---|---|
| Whaley v. Menu Foods, et al.<br>Case No.: 2:07-cv-00411-RSM<br>USDC, Western District of Washington | USDC, Western District of Washington<br>U.S. Courthouse<br>700 Stewart Street<br>Seattle, WA 98101 |
| Holt v. Menu Foods, Inc.<br>Case No.: 3:07-cv-00094<br>USDC, Eastern District of Tennessee | USDC, Eastern District of Tennessee<br>Howard H. Baker Jr. U.S. Courthouse<br>800 Market Street, Suite 130<br>Knoxville, TN 37902 |
| Majerczyk v. Menu Foods, Inc..<br>Case No.: 1:07-cv-01543<br>USDC, Northern District of Illinois | USDC, Northern District of Illinois<br>Everett McKinley Dirksen Building<br>219 South Dearborn Street<br>Chicago, IL 60604 |
| Sims v. Menu Foods Income Fund, et al.<br>Case No.: 5:07-cv-05053-JLH<br>USDC, Western District of Arkansas | USDC, Western District of Arkansas<br>John Paul Hammerschmidt Federal Building<br>35 East Mountain Street, Suite 510<br>Fayetteville, AR 72701-5354 |
| Widen v. Menu Foods, et al.<br>Case No.: 5:07-cv-05055-RTD<br>USDC, Western District of Arkansas | USDC, Western District of Arkansas<br>John Paul Hammerschmidt Federal Building<br>35 East Mountain Street, Suite 510<br>Fayetteville, AR 72701-5354 |
| Workman, et al. v. Menu Foods Limited, et al.<br>Case No.: 1:07-cv-01338-NLH-AMD<br>USDC, District of New Jersey | USDC, District of New Jersey<br>Mitchell H. Cohen Building & U.S. Courthouse<br>4th & Cooper Streets, Room 1050<br>Camden, NJ 08101 |

G:\jdavidson\Menu Foods\Pleadings\CERT Service MDL Motion for Transfer.doc

# EXHIBIT A

# DISTRIBUTION OF PENDING MDL DOCKETS
(AS OF MARCH 12, 2007)

| District | Judge | Litigation | Pending | Number of Actions |
|---|---|---|---|---|
| | | | 3,377 | 4,027 |
| ARE | D.J. William R. Wilson, Jr. | MDL-1507  In re Prempro Products Liability Litigation | | |
| AZ | Sr.J. Paul G. Rosenblatt | MDL-1541  In re Allstate Insurance Co. Fair Labor Standards Act Litigation | 4 | 5 |
| | Sr.J. Roger G. Strand | MDL-972  In re Diamond Benefits Life Insurance Company & American Universal Insurance Company Contracts Litigation | 1 | 10 |
| CAC | D.J. David O. Carter | MDL-1807  In re Wachovia Securities, LLC, Wage and Hour Litigation | 19 | 19 |
| | D.J. Dale S. Fischer | MDL-1822  In re Bluetooth Headset Products Liability Litigation | 14 | 14 |
| | D.J. A. Howard Matz | MDL-1610  In re Conseco Life Insurance Co. Cost of Insurance Litigation | 19 | 21 |
| | Sr.J. Mariana R. Pfaelzer | MDL-1574  In re Paxil Products Liability Litigation | 39 | 148 |
| | D.J. Manuel L. Real | MDL-1601  In re StarMed Health Personnel, Inc., Fair Labor Standards Act Litigation | 3 | 6 |
| | D.J. Manuel L. Real | MDL-1737  In re American Honda Motor Co., Inc., Oil Filter Products Liability Litigation | 5 | 5 |
| | D.J. Christina A. Snyder | MDL-1671  In re Reformulated Gasoline (RFG) Antitrust & Patent Litigation | 11 | 12 |
| | C.J. Alicemarie H. Stotler | MDL-1803  In re Banc of America Investment Services, Inc., Overtime Pay Litigation | 5 | 5 |
| | Sr.J. Dickran M. Tevrizian, Jr. | MDL-1475  In re Heritage Bonds Litigation | 2 | 9 |
| | D.J. Stephen V. Wilson | MDL-1745  In re Live Concert Antitrust Litigation | 22 | 22 |
| CAN | D.J. Saundra Brown Armstrong | MDL-1781  In re Cintas Corp. Overtime Pay Arbitration Litigation | 71 | 71 |
| | D.J. Saundra Brown Armstrong | MDL-1809  In re Terminix Internacional Practices Litigation | 2 | 2 |
| | D.J. Charles R. Breyer | MDL-1699  In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation | 1,520 | 1,704 |
| | D.J. Charles R. Breyer | MDL-1793  In re International Air Transportation Surcharge Antitrust Litigation | 100 | 101 |
| | D.J. Jeremy D. Fogel | MDL-1257  In re Cable News Network and Time Magazine "Operation Tailwind" Litigation | 1 | 8 |
| | D.J. Jeremy D. Fogel | MDL-1654  In re Compression Labs, Inc., Patent Litigation | 10 | 10 |
| | D.J. Phyllis J. Hamilton | MDL-1486  In re Dynamic Random Access Memory (DRAM) Antitrust Litigation | 42 | 44 |
| | D.J. Martin J. Jenkins | MDL-1648  In re Rubber Chemicals Antitrust Litigation | 10 | 13 |
| | D.J. Marilyn Hall Patel | MDL-1369  In re Napster, Inc., Copyright Litigation | 1 | 19 |
| | D.J. Marilyn Hall Patel | MDL-1770  In re Wells Fargo Home Mortgage Overtime Pay Litigation | 4 | 4 |
| | C.J. Vaughn R. Walker | MDL-1606  In re Deep Vein Thrombosis Litigation | 53 | 78 |
| | C.J. Vaughn R. Walker | MDL-1791  In re National Security Agency Telecommunications Records Litigation | 48 | 48 |
| | D.J. James Ware | MDL-1527  In re Cisco Systems, Inc., Securities & Derivative Litigation | 1 | 2 |
| | D.J. James Ware | MDL-1665  In re Acacia Media Technologies Corp. Patent Litigation | 22 | 22 |
| | D.J. Claudia Wilken | MDL-1819  In re Static Random Access Memory (SRAM) Antitrust Litigation | 25 | 25 |
| | D.J. Jeffrey S. White | MDL-1761  In re Ditropan XL Antitrust Litigation | 6 | 6 |
| | D.J. Ronald M. Whyte | MDL-1423  In re Cygnus Telecommunications Technology, LLC, Patent Litigation | 15 | 30 |
| | D.J. Ronald M. Whyte | MDL-1754  In re Apple iPod nano Products Liability Litigation | 8 | 8 |

| | Judge | MDL / Case | | |
|---|---|---|---|---|
| CAS | D.J. Roger T. Benitez | MDL-1806 In re Morgan Stanley & Co., Inc., Overtime Pay Litigation (No. II) | 10 | 10 |
| | D.J. Napoleon A. Jones, Jr. | MDL-1296 In re Alliance Equipment Lease Program Securities Litigation | 1 | 27 |
| | D.J. Jeffrey T. Miller | MDL-1751 In re Jamster Marketing Litigation | 5 | 5 |
| | C.J. Robert H. Whaley (WAE) | MDL-1405 In re California Wholesale Electricity Antitrust Litigation | 5 | 30 |
| CO | D.J. Robert E. Blackburn | MDL-1788 In re Qwest Communications International, Inc., Securities & "ERISA" Litigation (No. II) | 30 | 30 |
| | D.J. Wiley Y. Daniel | MDL-1743 In re American Family Mutual Insurance Co. Overtime Pay Litigation | 2 | 2 |
| CT | Sr.J. Alfred V. Covello | MDL-1568 In re Parcel Tanker Shipping Services Antitrust Litigation | 7 | 18 |
| | D.J. Alvin W. Thompson | MDL-1463 In re Xerox Corp. Securities Litigation | 22 | 22 |
| | D.J. Stefan R. Underhill | MDL-1542 In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation | 15 | 15 |
| | D.J. Stefan R. Underhill | MDL-1631 In re Publication Paper Antitrust Litigation | 28 | 31 |
| | D.J. Stefan R. Underhill | MDL-1642 In re Polychloroprene Rubber (CR) Antitrust Litigation | 9 | 9 |
| | D.J. Stefan R. Underhill | MDL-1649 In re Helicopter Crash Near Wendle Creek, British Columbia, on August 8, 2002 | 4 | 4 |
| DC | D.J. John D. Bates | MDL-1772 In re Series 7 Broker Qualification Exam Scoring Litigation | 20 | 20 |
| | C.J. Thomas F. Hogan | MDL-1285 In re Vitamin Antitrust Litigation | 4 | 84 |
| | C.J. Thomas F. Hogan | MDL-1290 In re Lorazepam & Clorazepate Antitrust Litigation | 2 | 14 |
| | C.J. Thomas F. Hogan | MDL-1686 In re Iraq and Afghanistan Detainees Litigation | 4 | 4 |
| | D.J. Ellen Segal Huvelle | MDL-1792 In re InPhonic, Inc., Wireless Phone Rebate Litigation | 15 | 15 |
| | D.J. Name Withheld | UNDER SEAL | 2 | 30 |
| | D.J. Richard J. Leon | MDL-1515 In re Nifedipine Antitrust Litigation | 6 | 10 |
| | D.J. Richard J. Leon | MDL-1668 In re Federal National Mortgage Association Securities, Derivative & "ERISA" Litigation | 7 | 18 |
| | D.J. James Robertson | MDL-1796 In re Department of Veterans Affairs (VA) Data Theft Litigation | 3 | 3 |
| | D.J. Ricardo M. Urbina | MDL-1798 In re Long-Distance Telephone Service Federal Excise Tax Refund Litigation | 3 | 3 |
| DE | D.J. Joseph J. Farnan, Jr. | MDL-1717 In re Intel Corp. Microprocessor Antitrust Litigation | 74 | 74 |
| | D.J. Gregory M. Sleet | MDL-1660 In re PharmaStem Therapeutics, Inc., Patent Litigation | 6 | 6 |
| FLM | D.J. Henry Lee Adams, Jr. | MDL-1698 In re American General Life & Accident Insurance Co. Retiree Benefits "ERISA" Litigation | 80 | 80 |
| | D.J. Anne C. Conway | MDL-1769 In re Seroquel Products Liability Litigation | 342 | 342 |
| | D.J. James S. Moody, Jr. | MDL-1626 In re Accutane Products Liability Litigation | 24 | 29 |
| | Sr.J. Harvey E. Schlesinger | MDL-1624 In re GMAC Insurance Management Corp. Overtime Pay Litigation | 2 | 2 |
| | D.J. James D. Whittemore | MDL-1656 In re CP Ships Ltd. Securities Litigation | 7 | 7 |

| District | Judge(s) | Litigation | | |
|---|---|---|---|---|
| FLS | D.J. Federico A. Moreno | MDL-1334  In re Managed Care Litigation | 6 | 123 |
| GAN | D.J. Thomas W. Thrash, Jr. | MDL-1804  In re Stand 'n Seal Products Liability Litigation | 13 | 13 |
| GAS | C.J. William T. Moore, Jr. | MDL-1677  In re NovaStar Home Mortgage Inc. Mortgage Lending Practices Litigation | 3 | 3 |
| IAS | Sr.J. Ronald E. Longstaff | MDL-1733  In re Teflon Products Liability Litigation | 22 | 22 |
| ILN | Sr.J. Marvin E. Aspen | MDL-1425  In re Aimster Copyright Litigation | 11 | 11 |
| | Sr.J. Marvin E. Aspen | MDL-1715  In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation | 318 | 322 |
| | D.J. Elaine E. Bucklo | MDL-1784  In re McDonald's French Fries Litigation | 10 | 10 |
| | D.J. David H. Coar | MDL-1536  In re Sulfuric Acid Antitrust Litigation | 7 | 7 |
| | D.J. David H. Coar | MDL-1783  In re JP Morgan Chase & Co. Securities Litigation | 3 | 3 |
| | D.J. Mark R. Filip | MDL-1818  In re Citifinancial Services Incorporated Prescreened Offer Litigation | 5 | 5 |
| | D.J. Robert W. Gettleman | MDL-1350  In re Trans Union Corp. Privacy Litigation | 14 | 15 |
| | Sr.J. John F. Grady | MDL-986  In re "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation | 103 | 356 |
| | Sr.J. John F. Grady | MDL-1521  In re Wireless Telephone 911 Calls Litigation | 10 | 10 |
| | Sr.J. John F. Grady | MDL-1703  In re Sears, Roebuck & Co. Tools Marketing and Sales Practices Litigation | 6 | 7 |
| | Sr.J. George W. Lindberg | MDL-1773  In re Air Crash Near Athens, Greece, on August 14, 2005 | 7 | 7 |
| | D.J. Charles R. Norgle, Sr. | MDL-1604  In re Ocwen Federal Bank FSB Mortgage Servicing Litigation | 64 | 65 |
| | D.J. Amy J. St. Eve | MDL-1778  In re Ocean Financial Corp. Prescreening Litigation | 5 | 5 |
| | D.J. James B. Zagel | MDL-899  In re Mortgage Escrow Deposit Litigation | 1 | 75 |
| | D.J. James B. Zagel | MDL-1392  In re General Motors Corporation Vehicle Paint Litigation (No. III) | 2 | 3 |
| ILS | C.J. G. Patrick Murphy | MDL-1562  In re General Motors Corp. Dex-Cool Products Liability Litigation | 6 | 11 |
| | C.J. G. Patrick Murphy | MDL-1748  In re Profiler Products Liability Litigation | 4 | 4 |
| INN | D.J. Rudy L. Lozano | MDL-1767  In re H&R Block Mortgage Corp. Prescreening Litigation | 3 | 3 |
| | C.J. Robert L. Miller, Jr. | MDL-1700  In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II) | 36 | 42 |
| INS | D.J. Sarah E. Barker | MDL-1373  In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation | 23 | 819 |
| | D.J. David F. Hamilton | MDL-1313  In re AT&T Corp. Fiber Optic Cable Installation Litigation | 35 | 35 |
| | D.J. John D. Tinder | MDL-1727  In re COBRA Tax Shelters Litigation | 3 | 3 |
| KS | C.J. John W. Lungstrum | MDL-1468  In re Universal Service Fund Telephone Billing Practices Litigation | 63 | 68 |
| | C.J. John W. Lungstrum | MDL-1616  In re Urethane Antitrust Litigation | 30 | 30 |
| | D.J. Kathryn H. Vratil | MDL-1721  In re Cessna 208 Series Aircraft Products Liability Litigation | 7 | 7 |

| DISTRICT | JUDGE | TITLE | | |
|---|---|---|---|---|
| LAE | D.J. Eldon E. Fallon | MDL-1355 In re Propulsid Products Liability Litigation | 362 | 474 |
| | D.J. Eldon E. Fallon | MDL-1657 In re Vioxx Marketing, Sales Practices and Products Liability Litigation | 8,538 | 8,530 |
| | D.J. Martin L.C. Feldman | MDL-1371 In re Monumental Life Insurance Company Industrial Life Insurance Litigation | 11 | 14 |
| | D.J. Martin L.C. Feldman | MDL-1390 In re Life Insurance Co. of Georgia Industrial Life Insurance Litigation | 112 | 133 |
| | D.J. Martin L.C. Feldman | MDL-1395 In re Western & Southern Life Insurance Co. Industrial Life Insurance Litigation | 7 | 8 |
| | D.J. Sarah S. Vance | MDL-1643 In re Educational Testing Service PLT 7-12 Test Scoring Litigation | 31 | 31 |
| MA | D.J. Nancy Gertner | MDL-1354 In re Citigroup, Inc., Capital Accumulation Plan Litigation | 6 | 16 |
| | D.J. Nancy Gertner | MDL-1753 In re Standard Automotive Corp. Retiree Benefits "ERISA" Litigation | 2 | 2 |
| | Sr.J. Edward F. Harrington | MDL-1143 In re Mutual Life Insurance Company of New York Premium Litigation | 3 | 23 |
| | D.J. Patti B. Saris | MDL-1456 In re Pharmaceutical Industry Average Wholesale Price Litigation | 18 | 116 |
| | D.J. Patti B. Saris | MDL-1629 In re Neurontin Marketing, Sales Practices and Products Liability Litigation | 50 | 209 |
| | D.J. Patti B. Saris | MDL-1713 In re Bank of America ATM Fee Litigation | 3 | 3 |
| | D.J. Richard G. Stearns | MDL-1430 In re Lupron Marketing and Sales Practices Litigation | 2 | 17 |
| | D.J. Joseph L. Tauro | MDL-1790 In re Volkswagen and Audi Warranty Extension Litigation | 6 | 6 |
| | D.J. Joseph L. Tauro | MDL-1820 In re Webloyalty.com, Inc., Marketing and Sales Practices Litigation | 4 | 4 |
| | D.J. Douglas P. Woodlock | MDL-1543 In re Carbon Black Antitrust Litigation | 1 | 16 |
| | D.J. Douglas P. Woodlock | MDL-1704 In re M3Power Razor System Marketing & Sales Practices Litigation | 1 | 26 |
| | D.J. Rya W. Zobel | MDL-1380 In re Xcelera.com Inc. Securities Litigation | 2 | 20 |
| | D.J. Rya W. Zobel | MDL-1461 In re Shell Oil Products Co. Dealer Franchise Litigation | 1 | 3 |
| MD | D.J. Catherine C. Blake | MDL-1421 In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation | 2 | 19 |
| | D.J. Catherine C. Blake | MDL-1539 In re Royal Ahold N.V. Securities & "ERISA" Litigation | 37 | 37 |
| | D.J. Andre M. Davis | MDL-1110 In re Second Chance Body Armor, Inc., Advertising Litigation | 2 | 9 |
| | D.J. Andre M. Davis | MDL-1518 In re Allegheny Energy, Inc., Securities Litigation | 2 | 17 |
| | C.J. Benson Everett Legg | MDL-1387 In re ProteGen Sling and Vesica System Products Liability Litigation | 8 | 584 |
| | D.J. J. Frederick Motz | MDL-1332 In re Microsoft Corp. Windows Operating Systems Antitrust Litigation | 2 | 116 |
| | D.J. J. Frederick Motz, D.J. Andre M. Davis and D.J. Catherine C. Blake | MDL-1586 In re Mutual Funds Investment Litigation | 423 | 437 |
| ME | D.J. D. Brock Hornby | MDL-1532 In re New Motor Vehicles Canadian Export Antitrust Litigation | 30 | 31 |
| MIE | C.J. Bernard A. Friedman | MDL-1718 In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation | 39 | 40 |
| | D.J. Gerald E. Rosen | MDL-1725 In re Delphi Corp. Securities, Derivative & "ERISA" Litigation | 24 | 25 |
| | D.J. Gerald E. Rosen | MDL-1749 In re General Motors Corp. Securities & Derivative Litigation | 5 | 5 |

| District | Judge | MDL / Litigation | | |
|---|---|---|---|---|
| MN | D.J. Michael J. Davis | MDL-1431 In re Baycol Products Liability Litigation | 1,392 | 9,044 |
| | D.J. Donovan W. Frank | MDL-1708 In re Guidant Corp. Implantable Defibrillators Products Liability Litigation | 1,200 | 1,212 |
| | Sr.J. Paul A. Magnuson | MDL-1328 In re Monosodium Glutamate Antitrust Litigation | 1 | 14 |
| | Sr.J. Paul A. Magnuson | MDL-1724 In re Viagra Products Liability Litigation | 65 | 70 |
| | C.J. James M. Rosenbaum | MDL-1726 In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation | 966 | 966 |
| | D.J. John R. Tunheim | MDL-1396 In re St. Jude Medical, Inc., Silzone Heart Valves Products Liability Litigation | 30 | 57 |
| MOE | D.J. Jean C. Hamilton | MDL-1702 In re Air Crash Near Kirksville, Missouri, on October 19, 2004 | 6 | 11 |
| | Sr.J. Stephen N. Limbaugh | MDL-1672 In re Express Scripts, Inc., Pharmacy Benefits Management Litigation | 9 | 12 |
| | D.J. Catherine D. Perry | MDL-1811 In re LLRice 601 Contamination Litigation | 59 | 59 |
| | D.J. Rodney W. Sippel | MDL-1736 In re Celexa and Lexapro Products Liability Litigation | 32 | 32 |
| MOW | D.J. Richard E. Dorr | MDL-1786 In re H&R Block, Inc., Express IRA Marketing Litigation | 21 | 21 |
| NCE | Sr.J. W. Earl Britt | MDL-1132 In re Exterior Insulation Finish System (EIFS) Products Liability Litigation | 1 | 109 |
| NCM | C.J. James A. Beaty, Jr. | MDL-1622 In re Cotton Yarn Antitrust Litigation | 9 | 9 |
| NCW | C.J. Richard L. Voorhees | MDL-1516 In re Polyester Staple Antitrust Litigation | 17 | 36 |
| NH | D.J. Paul J. Barbadoro | MDL-1335 In re Tyco International, Ltd., Securities, Derivative and "ERISA" Litigation | 13 | 101 |
| NJ | Sr.J. Harold A. Ackerman | MDL-1687 In re Ford Motor Co. E-350 Van Products Liability Litigation (No. II) | 5 | 5 |
| | C.J. Garrett E. Brown, Jr. | MDL-1471 In re Compensation of Managerial, Professional and Technical Employees Antitrust Litigation | 4 | 4 |
| | C.J. Garrett E. Brown, Jr. | MDL-1663 In re Insurance Brokerage Antitrust Litigation | 41 | 42 |
| | D.J. Stanley R. Chesler | MDL-1658 In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation | 2 | 35 |
| | D.J. Stanley R. Chesler | MDL-1777 In re SFBC International, Inc., Securities & Derivative Litigation | 1 | 14 |
| | Sr.J. Dickinson R. Debevoise | MDL-1337 In re Holocaust Era German Industry, Bank & Insurance Litigation | 2 | 59 |
| | D.J. Joseph A. Greenaway, Jr. | MDL-1419 In re K-Dur Antitrust Litigation | 1 | 44 |
| | Sr.J. John C. Lifland | MDL-1384 In re Gabapentin Patent Litigation | 15 | 17 |
| | Sr.J. John C. Lifland | MDL-1479 In re Neurontin Antitrust Litigation | 22 | 22 |
| | D.J. Jose L. Linares | MDL-1730 In re Hypodermic Products Antitrust Litigation | 7 | 8 |
| | D.J. William J. Martini | MDL-1763 In re Human Tissue Products Liability Litigation | 136 | 136 |
| | D.J. Jerome B. Simandle | MDL-1514 In re Electrical Carbon Products Antitrust Litigation | 1 | 25 |
| | Sr.J. William H. Walls | MDL-1292 In re Cendant Corporation Securities Litigation | 3 | 18 |
| | D.J. Susan D. Wigenton | MDL-1550 In re IDT Corp. Calling Card Terms Litigation | 4 | 5 |
| | D.J. Freda L. Wolfson | MDL-1799 In re Vonage Initial Public Offering (IPO) Securities Litigation | 15 | 15 |

| | | | | |
|---|---|---|---|---|
| NV | D.J. Kent J. Dawson | MDL-1619 In re Musha Cay Litigation | 3 | 3 |
| | Sr.J. Lloyd D. George | MDL-1357 In re NOS Communications, Inc., Billing Practices Litigation | 7 | 8 |
| | C.J. Philip M. Pro | MDL-1566 In re Western States Wholesale Natural Gas Antitrust Litigation | 3 | 30 |
| | C.J. Philip M. Pro | MDL-1735 In re Wal-Mart Wage and Hour Employment Practices Litigation | 23 | 25 |
| NYE | D.J. Carol Bagley Amon | MDL-1775 In re Air Cargo Shipping Services Antitrust Litigation | 82 | 82 |
| | D.J. Raymond J. Dearie | MDL-1613 In re Nigeria Charter Flights Contract Litigation | 13 | 14 |
| | D.J. John Gleeson | MDL-1575 In re Visa/MasterCard Antitrust Litigation | 6 | 8 |
| | D.J. John Gleeson | MDL-1720 In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation | 51 | 51 |
| | Sr.J. Thomas C. Platt, Jr. | MDL-799 In re Air Disaster at Lockerbie, Scotland, on December 21, 1988 | 37 | 297 |
| | Sr.J. Charles P. Sifton | MDL-1689 In re Air Crash Near Woodbury, Connecticut, on December 20, 2002 | 8 | 8 |
| | Sr.J. David G. Trager | MDL-1738 In re Vitamin C Antitrust Litigation | 10 | 10 |
| | Sr.J. Jack B. Weinstein | MDL-381 In re "Agent Orange" Products Liability Litigation | 4 | 627 |
| | Sr.J. Jack B. Weinstein | MDL-1596 In re Zyprexa Products Liability Litigation | 1,720 | 1,722 |

| | Judge | MDL | | |
|---|---|---|---|---|
| NYS | Sr.J. Harold Baer, Jr. | MDL-1661 In re Rivastigmine Patent Litigation | 4 | 5 |
| | D.J. Deborah A. Batts | MDL-1714 In re Rhodia S.A. Securities Litigation | 4 | 4 |
| | D.J. Richard A. Berman | MDL-1628 In re Pineapple Antitrust Litigation | 6 | 10 |
| | D.J. Charles L. Brieant | MDL-1368 In re High Pressure Laminate Antitrust Litigation | 12 | 37 |
| | D.J. Charles L. Brieant | MDL-1508 In re Medco Health Solutions, Inc., Pharmacy Benefits Management Litigation | 6 | 18 |
| | D.J. Richard C. Casey | MDL-1570 In re Terrorist Attacks on September 11, 2001 | 22 | 23 |
| | D.J. Denise Cote | MDL-1487 In re WorldCom, Inc., Securities & "ERISA" Litigation | 28 | 177 |
| | D.J. Paul A. Crotty | MDL-1794 In re Novartis Wage and Hour Litigation | 2 | 2 |
| | D.J. George B. Daniels | MDL-1379 In re Literary Works in Electronic Databases Copyright Litigation | 3 | 5 |
| | Sr.J. Kevin Thomas Duffy | MDL-1443 In re America Online, Inc., Community Leaders Litigation | 3 | 3 |
| | Sr.J. Thomas P. Griesa | MDL-1336 In re Abercrombie & Fitch Co. Securities Litigation | 20 | 20 |
| | Sr.J. Thomas P. Griesa | MDL-1644 In re Elevator and Escalator Antitrust Litigation | 4 | 25 |
| | D.J. Alvin K. Hellerstein | MDL-1230 In re Philip Services Corporation Securities Litigation | 1 | 24 |
| | D.J. Richard J. Holwell | MDL-1771 In re "A Million Little Pieces" Litigation | 11 | 11 |
| | D.J. Barbara S. Jones | MDL-1291 In re Omeprazole Patent Litigation | 6 | 22 |
| | D.J. Lewis A. Kaplan | MDL-1348 In re Rezulin Products Liability Litigation | 991 | 1,865 |
| | D.J. Lewis A. Kaplan | MDL-1653 In re Parmalat Securities Litigation | 16 | 16 |
| | Sr.J. John F. Keenan | MDL-1484 In re Merrill Lynch & Co., Inc., Research Reports Securities Litigation | 22 | 176 |
| | Sr.J. John F. Keenan | MDL-1789 In re Fosamax Products Liability Litigation | 108 | 108 |
| | Sr.J. Shirley Wohl Kram | MDL-1495 In re Enterprise Mortgage Acceptance Co., LLC, Securities Litigation | 2 | 13 |
| | Sr.J. Shirley Wohl Kram | MDL-1500 In re AOL Time Warner Inc. Securities & "ERISA" Litigation | 57 | 72 |
| | Sr.J. Shirley Wohl Kram | MDL-1739 In re Grand Theft Auto Video Game Consumer Litigation (No. II) | 7 | 7 |
| | Sr.J. Shirley Wohl Kram | MDL-1744 In re Marsh & McLennan Companies, Inc., Securities Litigation | 10 | 10 |
| | D.J. Gerard E. Lynch | MDL-1472 In re Global Crossing Ltd. Securities and "ERISA" Litigation | 5 | 89 |
| | D.J. Gerard E. Lynch | MDL-1630 In re Global Crossing Limited Securities Litigation | 1 | 9 |
| | Sr.J. Lawrence M. McKenna | MDL-1529 In re Adelphia Communications Corp. Securities & Derivative Litigation (No. II) | 71 | 71 |
| | D.J. Colleen McMahon | MDL-1695 In re Veeco Instruments Inc. Securities Litigation | 13 | 13 |
| | D.J. Colleen McMahon | MDL-1755 In re Bayou Hedge Funds Investment Litigation | 7 | 7 |
| | Sr.J. Richard Owen | MDL-1688 In re Pfizer Inc. Securities, Derivative & "ERISA" Litigation | 30 | 30 |
| | Sr.J. Richard Owen | MDL-1706 In re Doral Financial Corp. Securities Litigation | 24 | 24 |
| | D.J. William H. Pauley III | MDL-1409 In re Currency Conversion Fee Antitrust Litigation | 5 | 34 |
| | D.J. Loretta A. Preska | MDL-1659 In re Nortel Networks Corp. Securities Litigation | 28 | 29 |
| | D.J. Loretta A. Preska | MDL-1780 In re Digital Music Antitrust Litigation | 30 | 30 |
| | D.J. Jed S. Rakoff | MDL-1598 In re Ephedra Products Liability Litigation | 625 | 840 |

| DISTRICT | JUDGE | MDL NO. / TITLE | | |
|---|---|---|---|---|
| NYS (cont.) | D.J. Jed S. Rakoff | MDL-1740 In re Canon U.S.A., Inc., Digital Cameras Products Liability Litigation | 3 | 4 |
| | D.J. Shira Ann Scheindlin | MDL-1358 In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | 147 | 159 |
| | D.J. Shira Ann Scheindlin | MDL-1428 In re Ski Train Fire in Kaprun, Austria, on November 11, 2000 | 14 | 27 |
| | D.J. Shira Ann Scheindlin | MDL-1554 In re Initial Public Offering (IPO) Securities Litigation | 393 | 511 |
| | Sr.J. John E. Sprizzo | MDL-1153 In re Bennett Funding Group, Inc., Securities Litigation (No. II) | 29 | 66 |
| | Sr.J. John E. Sprizzo | MDL-1499 In re South African Apartheid Litigation | 13 | 14 |
| | Sr.J. John E. Sprizzo | MDL-1584 In re Federal Home Loan Mortgage Corp. Securities & Derivative Litigation (No. II) | 6 | 8 |
| | D.J. Sidney H. Stein | MDL-1603 In re OxyContin Antitrust Litigation | 58 | 58 |
| | D.J. Sidney H. Stein | MDL-1696 In re Sierra Wireless, Inc., Securities Litigation | 9 | 9 |
| | Sr.J. Robert W. Sweet and Sr.J. John F. Keenan* | MDL-1448 In re Air Crash at Belle Harbor, New York, on November 12, 2001 | 344 | 365 |
| | | * Judge Keenan is assigned to actions in which Judge Sweet is recused. | | |
| OHN | D.J. Peter C. Economus | MDL-1561 In re Travel Agent Commission Antitrust Litigation | 2 | 3 |
| | D.J. James S. Gwin | MDL-1481 In re Meridia Products Liability Litigation | 2 | 125 |
| | Sr.J. David A. Katz | MDL-1742 In re Ortho Evra Products Liability Litigation | 507 | 515 |
| | D.J. Donald C. Nugent | MDL-1488 In re Ford Motor Co. Panther Platform/Fuel Tank Design Products Liability Litigation | 4 | 31 |
| | D.J. Kathleen McDonald O'Malley | MDL-1401 In re Sulzer Orthopedics Inc. Hip Prosthesis and Knee Prosthesis Products Liability Litigation | 4 | 434 |
| | D.J. Kathleen McDonald O'Malley | MDL-1490 In re Commercial Money Center, Inc., Equipment Lease Litigation | 34 | 38 |
| | D.J. Kathleen McDonald O'Malley | MDL-1535 In re Welding Fume Products Liability Litigation | 4,186 | 11,436 |
| OHS | D.J. Gregory L. Frost | MDL-1638 In re Foundry Resins Antitrust Litigation | 14 | 19 |
| | Sr.J. James L. Graham | MDL-1565 In re National Century Financial Enterprises, Inc., Investment Litigation | 21 | 22 |
| | D.J. Edmund A. Sargus, Jr. | MDL-1315 In re SmarTalk TeleServices, Inc., Securities Litigation | 21 | 21 |
| OKW | D.J. Stephen P. Friot | MDL-1564 In re Farmers Insurance Co, Inc., FCRA Litigation | 9 | 12 |
| OR | Sr.J. Robert E. Jones | MDL-1439 In re Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation | 3 | 12 |

| District | Judge | MDL | | |
|---|---|---|---|---|
| PAE | C.J. Harvey Bartle III | MDL-1203  In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation | 2,626 | 20,006 |
| | D.J. Ronald L. Buckwalter | MDL-1014  In re Orthopedic Bone Screw Products Liability Litigation | 1 | 3,085 |
| | D.J. Ronald L. Buckwalter | MDL-1741  In re Isolagen, Inc., Securities & Derivative Litigation | 5 | 5 |
| | D.J. Stewart Dalzell | MDL-1682  In re Hydrogen Peroxide Antitrust Litigation | 1 | 33 |
| | D.J. Legrome D. Davis | MDL-1684  In re Plastics Additives Antitrust Litigation (No. II) | 9 | 9 |
| | Sr.J. Jan E. DuBois | MDL-1261  In re Linerboard Antitrust Litigation | 10 | 20 |
| | Sr.J. John P. Fullam | MDL-1782  In re Pharmacy Benefit Managers Antitrust Litigation | 6 | 6 |
| | D.J. James T. Giles | MDL-875  In re Asbestos Products Liability Litigation (No. VI) | 35,378 | 111,259 |
| | D.J. Bruce W. Kauffman | MDL-969  In re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation | 8 | 14 |
| | D.J. Mary A. McLaughlin | MDL-1712  In re American Investors Life Insurance Co. Annuity Marketing and Sales Practices Litigation | 15 | 15 |
| | Sr.J. Louis H. Pollak | MDL-1817  In re CertainTeed Corp. Roofing Shingle Products Liability Litigation | 9 | 9 |
| | D.J. Timothy J. Savage | MDL-1675  In re ACE Limited Securities Litigation | 4 | 4 |
| | D.J. Timothy J. Savage | MDL-1768  In re Methyl Methacrylate (MMA) Antitrust Litigation | 18 | 18 |
| | D.J. Richard Barclay Surrick | MDL-1426  In re Automotive Refinishing Paint Antitrust Litigation | 62 | 63 |
| PAM | D.J. Thomas I. Vanaskie | MDL-1556  In re Pressure Sensitive Labelstock Antitrust Litigation | 11 | 11 |
| PAW | C.J. Donetta W. Ambrose | MDL-1091  In re Metropolitan Life Insurance Co. Sales Practices Litigation | 6 | 148 |
| | D.J. Gary L. Lancaster | MDL-1674  In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation | 6 | 6 |
| SC | Sr.J. Solomon Blatt, Jr. | MDL-1595  In re Electrical Receptacle Products Liability Litigation | 1 | 9 |
| | D.J. Cameron McGowan Currie | MDL-1429  In re American General Life & Accident Insurance Co. Industrial Life Insurance Litigation | 69 | 135 |
| | D.J. David C. Norton | MDL-1785  In re Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation | 113 | 114 |
| | Sr.J. Matthew J. Perry, Jr. | MDL-865  In re Showa Denko K.K. L-Tryptophan Products Liability Litigation (No. II) | 1 | 973 |
| TNE | C.J. Curtis L. Collier | MDL-1552  In re UnumProvident Corp. Securities, Derivative & "ERISA" Litigation | 23 | 28 |
| TNM | C.J. Todd J. Campbell | MDL-1760  In re Aredia and Zometa Products Liability Litigation | 209 | 210 |
| | Sr.J. John T. Nixon | MDL-1537  In re Nortel Networks Corp. "ERISA" Litigation | 6 | 6 |
| TNW | D.J. J. Daniel Breen | MDL-1551  In re Reciprocal of America (ROA) Sales Practices Litigation | 13 | 13 |

| | | | | |
|---|---|---|---|---|
| TXE | D.J. Leonard E. Davis | MDL-1512  In re Electronic Data Systems Corp. Securities & "ERISA" Litigation | 4 | 29 |
| | D.J. T. John Ward | MDL-1530  In re Fleming Companies Inc. Securities & Derivative Litigation | 10 | 22 |
| TXN | C.J. A. Joe Fish | MDL-1578  In re UICI "Association-Group" Insurance Litigation | 15 | 28 |
| | D.J. Sidney A. Fitzwater | MDL-1214  In re Great Southern Life Insurance Company Sales Practices Litigation | 1 | 25 |
| TXS | D.J. Vanessa D. Gilmore | MDL-1646  In re Testmasters Trademark Litigation | 1 | 6 |
| | D.J. Melinda Harmon | MDL-1422  In re Waste Management, Inc., Securities Litigation | 1 | 7 |
| | D.J. Melinda Harmon | MDL-1446  In re Enron Corp. Securities, Derivative & "ERISA" Litigation | 129 | 196 |
| | D.J. Lynn N. Hughes | MDL-1609  In re Service Corporation International Securities Litigation | 1 | 4 |
| | D.J. Janis Graham Jack | MDL-1810  In re MERSCORP Inc., et al., Real Estate Settlement Procedures Act (RESPA) Litigation | 19 | 19 |
| UT | D.J. Dale A. Kimball | MDL-1546  In re Medical Waste Services Antitrust Litigation | 1 | 8 |
| VAE | D.J. Leonie M. Brinkema | MDL-1705  In re Xybernaut Corp. Securities Litigation | 10 | 10 |
| WAW | D.J. Barbara Jacobs Rothstein | MDL-1407  In re Phenylpropanolamine (PPA) Products Liability Litigation | 402 | 3,365 |
| WVS | D.J. Joseph R. Goodwin | MDL-1477  In re Serzone Products Liability Litigation | 16 | 177 |
| WY | C.J. William F. Downes | MDL-1293  In re Natural Gas Royalties Qui Tam Litigation | 75 | 83 |

CM/ECF - Live Database - flsd - Docket Report

LSS

# U.S. District Court
## Southern District of Florida (Ft. Lauderdale)
## CIVIL DOCKET FOR CASE #: 0:07-cv-60428-JIC

Troiano v. Menu Foods, Inc. et al
Assigned to: Judge James I. Cohn
Demand: $5,000,000
Cause: 28:1332 Diversity-Property Damage

Date Filed: 03/26/2007
Jury Demand: Plaintiff
Nature of Suit: 385 Prop. Damage Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Christina Troiano**

represented by **James Lee Davidson**
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
561-750-3000
Fax: 561-750-3364
Email: jdavidson@lerachlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence M. Kopelman**
Kopelman & Blankman
350 E Las Olas Boulevard
Suite 980
Fort Lauderdale, FL 33301
954-462-6855
Fax: 462-6899
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Jeffrey Geller**
Lerach Coughlin Stoia Geller Rudman & Robbins
120 E Palmetto Park Road
Suite 500
Boca Raton, FL 33432
561-750-3000
Fax: 561-750-3364
Email: pgeller@lerachlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart Andrew Davidson**
Lerach Coughlin Stoia Geller Rudman & Robbins
120 East Palmetto Park Road
Suite 500

Boca Raton, FL 33432
561-750-3000
Fax: 750-3364
Email: sdavidson@lerachlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Menu Foods, Inc.**

**Defendant**

**Menu Foods Income Fund**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/26/2007 | 1 | COMPLAINT against Menu Foods, Inc., Menu Foods Income Fund Filing fee $ 350. Receipt#: 539659, filed by Christina Troiano.(ls) (Entered: 03/26/2007) |
| 03/26/2007 | 2 | Summons Issued as to Menu Foods, Inc.. (ls) (Entered: 03/26/2007) |
| 03/26/2007 | 3 | Summons Issued as to Menu Foods Income Fund. (ls) (Entered: 03/26/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/28/2007 13:46:34 | | |
| PACER Login: | mw0078 | Client Code: | 060228-00001/91103 |
| Description: | Docket Report | Search Criteria: | 0:07-cv-60428-JIC |
| Billable Pages: | 1 | Cost: | 0.08 |

MAGISTRATE JUDGE
SNOW/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **07-60428** CIV-COHN

CHRISTINA TROIANO, Individually and On
Behalf of All Others Similarly Situated,

              Plaintiff,

    vs.

MENU FOODS, INC. and MENU FOODS
INCOME FUND,

              Defendants.

_____/

**JURY TRIAL DEMAND**

FILED by
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L
2007 MAR 26 PM 1:11

**CLASS ACTION COMPLAINT**

    Plaintiff Christina Troiano ("Plaintiff"), individually and on behalf of all others similarly

situated, files this Class Action Complaint against Defendants Menu Foods, Inc., a New Jersey

Corporation and Menu Foods Income Fund, a foreign corporation (collectively "Defendants") and

alleges as follows:

## I.    INTRODUCTION

    1.    This is a class action lawsuit brought on behalf of Plaintiff and others similarly

situated who purchased pet food and pet food products produced, manufactured and/or distributed by

Defendants that caused injury, illness, and/or death to Plaintiff's household pets.

    2.    Defendants are the leading North American private label/contract manufacturer

of wet pet food products sold by supermarket retailers, mass merchandisers, pet specialty

retailers, and other wholesale and retail outlets, including Wal-Mart, Safeway, Kroger,

PetSmart, Inc., Giant Food, and other large retail chains, and has provided pet food

products to or for Proctor & Gamble, Inc. Defendants produce hundreds of millions of containers

of pet food annually.